IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Krystal L. Chapman, | ) | CIVIL ACTION NO.: 2:17-cv-01657-DCN |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **NOTICE OF REMOVAL** |
| Refuel, Inc., | ) | |
| Defendant. | ) | |

In accordance with 28 U.S.C. § 1446, Defendant Refuel, Inc. (hereinafter "Defendant"), hereby gives notice of the removal of the above-captioned matter from the Magistrate's Court, for the County of Berkeley (2017CV0810700341) to the United States District Court for the District of South Carolina. This removal is based on the following grounds:

**BACKGROUND**

**1.** On or about March 13, 2017, Plaintiff Krystal L. Chapman ("Plaintiff") filed a Complaint against Defendant in the Magistrate's Court, County of Berkeley, State of South Carolina. A complete copy of Plaintiff's Summons and Complaint is attached hereto as **Exhibit A.**

2. Plaintiff attempted to serve Defendant on March 31, 2017, however, this service was not effective because Defendant received the Summons and a complaint form that purported to attach the full Complaint but did not. *See* **Exhibit B.** Thus, on March 31, 2017, Defendant informed the Magistrate's Court that the documents served upon him did not contain a complete copy of the Complaint and that he could not, therefore, provide a substantive answer. *See* **Exhibit B.**

3. On May 24, 2017, the Magistrate's Court provided Defendant with a complete copy of the Complaint. *See* **Exhibit C**. The full Complaint makes clear that this is an action

1

under the Fair Labor Standards of Act of 1938, as amended, and the South Carolina Payment of Wages Act.

4. Accordingly, this Notice of Removal is timely filed within the thirty-day period required by 28 U.S.C. § 1446(b).

5. The United States District Court for the District of South Carolina, Charleston Division, is the federal judicial district embracing the Berkeley County Magistrate's Court, where this action was originally filed and where the events alleged in the Complaint are said to have occurred. Therefore, venue is proper in this Court under 28 U.S.C. § 1441(a).

6. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Removal to Federal Court with the Clerk of Court for the Berkeley County Magistrate's Court.

7. Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently serving Plaintiff with a copy of this Notice of Removal and a copy of the Notice of Removal to Federal Court.

8. From the face of the Complaint, Plaintiff alleges violations of the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10, *et seq.*, as well as violations of the Fair Labor Standards Act, 29 U.S.C. § 207. As explained below, this Court has jurisdiction over this action based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, and this action may be removed to this Court under 28 U.S.C. § 1441(a).

## FEDERAL QUESTION JURISDICTION

1. Plaintiff's Complaint alleges causes of action for violations of the Fair Labor Standards Act and the South Carolina Payment of Wages Act.

2. Plaintiff's FLSA claim arises solely under the laws of the United States. Accordingly, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, and this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

3. Plaintiff also raises a cause of action for violation of the South Carolina Payment of Wages Act, based on the same facts as his federal claim. Accordingly, Defendant respectfully asks this Court to accept supplemental jurisdiction as to the state law claim pursuant to 28 U.S.C. § 1367.

4. Consequently, the case set forth above, Civil Action No. 2017CV0810700341, Magistrate's Court, County of Berkeley, could have originally been brought before this Court pursuant to 28 U.S.C. § 1331.

## LOCAL CIVIL RULE REQUIREMENTS

5. Defendant has complied with the requirements of Rules 83.IV.01 and 83.IV.02 of the Local Civil Rules of the United States District Court for the District of South Carolina.

6. Defendant has also complied with Local Civil Rule 26.01 by filing its Answers to Local Civil Rule 26.01 Interrogatories simultaneously with this Notice of Removal.

WHEREFORE, Defendant hereby respectfully removes this action to this Honorable Court.

Dated this 23rd day of June 2017.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/Piper R. Byzet*
Benjamin P. Glass (Fed. I.D. 6522)
Piper R. Byzet (Fed. I.D. 11393)
211 King Street, Suite 200
Charleston, SC 29401
843.853.1300 (telephone)
843.853.9992 (facsimile)
ben.glass@ogletreedeakins.com
piper.byzet@ogletreedeakins.com

*Attorneys for Defendant Refuel, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Krystal L. Chapman, | ) | CIVIL ACTION NO.: |
|---|---|---|
| Plaintiff, | ) | **CERTIFICATE OF SERVICE** |
| vs. | ) | |
| Refuel, Inc., | ) | |
| Defendant. | ) | |

I hereby certify that a copy of the foregoing **NOTICE OF REMOVAL** was this date served upon all counsel of record by placing a copy of the same in the United States mail, with proper postage affixed thereto:

> William E. Hopkins, Jr.
> J. Clay Hopkins
> Hopkins Law Firm, LLC
> Post Office Box 1885
> Pawleys Island, SC 29585
>
> *Attorneys for Plaintiff*

Dated: June 23, 2017.        *s/Piper R. Byzet*
                              Piper R. Byzet

30257292.1

4