# Exhibit A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | 2017CV0810700341 |
| ) | CIVIL CASE NUMBER |
| COUNTY OF BERKELEY ) | |
| ) | IN THE MAGISTRATE'S COURT |
| ) | JURY TRIAL REQUEST |
| ) | SUMMONS |

Krystal L. Chapman
243 Old Bridge Lane
Summerville, SC 29485
(843) 793-7271

**PLAINTIFF(S)**

Vs

Refuel, Inc.
1270 Redbank Road
Goose Creek, SC 29445

**DEFENDANT(S)**

**TO THE DEFENDANT(S) NAMED ABOVE:**

**YOU ARE SUMMONED** and required to Answer the allegations and present any appropriate Counterclaims/Crossclaims to the attached Complaint/Counterclaim within THIRTY (30) days from the first day after receipt of this Summons. Your Answer must be received by the:

Berkeley County
Small Claims South
303-B North Goose Creek Blvd.
Goose Creek, SC 29445
Phone: (843) 553-6099 Fax: (843) 553-7074

If you fail to Answer within the prescribed time, a Judgment by Default may be rendered against you for the amount or other remedy requested in the attached Complaint, plus interest and costs. If you desire a jury trial, you must make a written request at least five (5) working days prior to the date of trial. If no jury trial is timely requested, the matter will be heard and decided by the Judge.

Given under my hand:

_____
JUDGE

## READ ATTACHED INSTRUCTIONS CAREFULLY

March 13, 2017

MVC08 38

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | CIVIL CASE NUMBER |
| COUNTY OF BERKELEY ) | IN THE MAGISTRATE'S COURT |
| Krystal L. Chapman ) PLAINTIFF | |
| 243 Old Bridge Lane ) STREET ADDRESS | |
| Summerville, SC 29485 ) CITY, STATE ZIP | |
| 843-793-7271 ) TELEPHONE | |
| VS. ) | COMPLAINT |
| Refuel, Inc. ) DEFENDANT(S) | Refuel, Inc. |
| 1270 Redbank Road ) STREET ADDRESS | Registered Agent, Mark W. Jordan |
| Goose Creek, SC 29445 ) CITY, STATE ZIP | 960 Tall Pine Road |
| ) TELEPHONE | Mt. Pleasant, SC 29464 |

I, Krystal L. Chapman, the plaintiff in this civil action do make the following claims:

1. I believe the defendant, Refuel, Inc., is a resident of Berkeley County, and resides at 1270 Redbank Road, Goose Creek, SC 29445 which is within Judge Deaton's and Judge Stokes's magisterial jurisdiction or this Complaint is properly filed in Berkeley County.

2. I make this complaint on the following:

See attached (Attach supplement if necessary)

3. I believe, because of the above information, that I am entitled to and do request a judgment for $7,500.00 and/or other relief as below requested:

including any costs resulting in this action.

I state under penalty of perjury that the above is correct and truthful, except those based on my information and belief.

Dated: March 13, 2017

Signature of Plaintiff (or his attorney)

SCCA/704 (Amended 09/09)

Attachment

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF BERKELEY )<br>)<br>Krystal L. Chapman, )<br>)<br>        Plaintiff, )<br>v. )<br>)<br>Refuel, Inc. )<br>)<br>        Defendant. )<br>) | IN THE MAGISTRATE COURT<br><br><br><br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Krystal L. Chapman (hereinafter "Plaintiff"), complaining of Refuel, Inc. (hereinafter "Defendant") would respectfully show unto the Court the following:

### PARTIES

1. Plaintiff is a citizen and resident of Dorchester County, South Carolina.

2. Upon information and belief, Defendant Refuel, Inc. is a corporation organized and existing under the laws of the State of South Carolina, and is authorized to conduct business in South Carolina, and at all pertinent times herein, was doing business in Berkeley County, South Carolina and other counties and its principal place of business, or "nerve center", lies in Berkeley County, South Carolina.

### VENUE AND JURISDICTION

3. Venue of this action lies in the magistrate court of Berkeley County as this is where Defendant's principal place of business is, and where Defendant resides.

4. This Court has both personal jurisdiction over the parties and subject matter jurisdiction since this is an action for a sum not exceeding seven thousand five hundred dollars ($7,500.00).

5. Plaintiff brings this action to remedy violations of the Fair Labor Standards Act of

1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA") and the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, *et seq.*

## FACTS

6. Defendant employed Plaintiff as a salaried manager at its convenience store located at 1270 Red Bank Rd., Goose Creek, in Berkeley County, South Carolina.

7. On or around December 7, 2015, Defendant's owner, Mark Jordan, approached Plaintiff and indicated that since the store was experiencing business and needed to add an employee to assist Plaintiff.

8. Thereafter, Defendant demoted Plaintiff from a salaried employee to an hourly employee without notice.

9. On or around December 23, 2015, Defendant terminated Plaintiff.

10. From December 5, 2015, until her termination, Defendant paid Plaintiff a reduced rate of pay, and failed to pay her for overtime she performed while an employee for Defendant.

### FOR A FIRST CAUSE OF ACTION
### Violation of the South Carolina Payment of Wages Act
### S.C. Code Ann. § 41-10-10, *et seq.*
### (Unauthorized Deductions from Wages)

11. Plaintiff realleges and restates all the allegations of the preceding paragraphs as if fully rewritten and restated herein verbatim.

12. Defendant was an "employer" as defined by the SCPWA.

13. Defendants employed Plaintiff within the State of South Carolina.

14. Beginning on December 5, 2015, Defendant illegally deducted amounts from the wages of Plaintiff without providing proper written notice as required by SCPWA, § 41-10-30(A).

15. Defendant, without any legal right to do so, have unlawfully, willfully and intentionally and fraudulently withheld wages from Plaintiff in direct violation of law.

16. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of substantial damages, including lost wages.

17. Plaintiff is informed and believes she is entitled to judgment against the Defendant, jointly and severally, for actual damages, treble damages and attorney's fees as permitted by statute.

### FOR A SECOND CAUSE OF ACTION
### Violation of Fair Labor Standards Act
### 29 U.S.C. § 207
### (Failure to Pay Overtime Wage)

18. Plaintiff realleges and restates all the allegations of the preceding paragraphs as if fully rewritten and restated herein verbatim.

19. Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a nonexempt employee time and a half for all hours worked over forty (40) hours in a workweek.

20. Beginning on December 5, 2015, when Defendant made Plaintiff an hourly employee, Defendant failed to pay Plaintiff the proper amount for all hours worked over forty (40) hours in a workweek or overtime hours worked.

21. Defendant has violated the FLSA, 29 U.S.C. § 207, in reckless disregard of the rights of Plaintiff.

22. As such, Plaintiff seeks to recover from Defendant the following damages:

    a. actual damages in the amount of overtime wages due;

    b. liquidated damages of an equal amount; and

    c. reasonable attorneys' fees and the costs and disbursements of this action

*[Rest of Page Intentionally Left Blank]*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks an Order or Orders granting the following relief:

a. Declaring that the Defendants violating the South Carolina Payment of Wages Act in the manner described herein;

b. Declaring that Defendant violated the Fair Labor Standards Act in the manner described herein;

c. Unpaid or wrongfully diverted wages pursuant to the South Carolina Payment of Wages Act;

d. Unpaid overtime wages pursuant to the Fair Labor Standards Act;

e. Pre-judgment interest and post-judgment interest, as provided by law;

f. Enter judgment in her favor against Defendant and allow a jury to determine her damages on her claims and causes of action against Defendant, including but not limited to, actual damages, compensatory damages, special damages, consequential damages and any other damages recognized by South Carolina and federal law;

g. Allowing a jury to determine an appropriate amount of punitive damages to award in her favor against Plaintiff;

h. Award Plaintiff attorney's fees and costs incurred in prosecuting these claims against Plaintiff, and

i. Award the Plaintiff such other and further relief as the Court may deem just and proper.

Plaintiff hereby demands a trial by jury.

*[Rest of Page Intentionally Left Blank]*

Respectfully submitted, this 6th day of March, 2017.

                                        **HOPKINS LAW FIRM, LLC**

_____
William E. Hopkins, Jr.   (SC Bar #066474)
J. Clay Hopkins        (SC Bar #102053)
12019 Ocean Highway
Post Office Box 1885
Pawleys Island, South Carolina 29585
T: (843) 314-4202
F: (843) 314-9365
Email: bill@hopkinsfirm.com
         clay@hopkinsfirm.com

*Attorneys for the Plaintiff*

March 6, 2017

Pawleys Island, South Carolina

5